**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DR. JOSEPH TABOURNE, et al., | Civil Action No. 22-02358-ES-AME |
| Plaintiffs, | |
| v. | **OPINION and ORDER** |
| JEFFREY TABOURNE, et al., | |
| Defendants. | |

**ESPINOSA**, Magistrate Judge

This matter is before the Court on the motion of Plaintiff Carla Tabourne ("Mrs. Tabourne") for an order (i) substituting her for now-deceased Plaintiff Joseph Tabourne ("Dr. Tabourne") pursuant to Federal Rule of Civil Procedure 25, (ii) granting her leave to amend the Complaint pursuant to Federal Rule of Civil Procedure 15, and (iii) awarding her other relief pertaining to estate matters subject to state court proceedings [D.E. 63]; along with the motion of Defendants Jeffrey Tabourne and Christopher Tabourne (the "Tabourne brothers") for an order (i) discharging a notice of *lis pendens* filed by Mrs. Tabourne against Dr. Tabourne's former home in West Orange, New Jersey (the "West Orange Property"), and (ii) for attorneys' fees and costs pursuant to Federal Rule of Civil Procedure 11 [D.E. 71]. The Tabourne brothers and Defendant Mountainside Psychiatric Hospital ("Mountainside")[1] oppose Mrs. Tabourne's motion. [D.E. 66, 67]. Mrs. Tabourne opposes the Tabourne brothers' motion for fees and costs. [D.E. 75, 77]. The Court has considered the papers submitted in connection with the motions [D.E. 63, 66, 67, 68, 71, 75, 76, 77] and, in its discretion, rules without oral argument. *See* Fed. R. Civ. P. 78. For the following reasons, both motions are denied.

---

[1] Mountainside asserts it should have been pleaded as "Mountainside Medical Center." [D.E. 13].

I.  **RELEVANT BACKGROUND**

As purported counsel for Plaintiffs, Eldridge Hawkins, Esq. filed this action on April 23, 2022, against Dr. Tabourne's sons and other defendants, including Spring Cypress Assisted Living and Memory Care ("Spring Cypress"). As the action consists of an intrafamily dispute over Dr. Tabourne's medical care, property, and affairs, the facts are hotly disputed.

A.  <u>The Complaint</u>

According to the Complaint, which provides the source for the following factual summary, the Tabourne brothers relocated—with the assistance of certain defendants—Dr. Tabourne against his will and while lucid from Mountainside's psychiatric hospital in New Jersey to an assisted living facility in Texas owned by Spring Cypress. [D.E. 1, Compl., Statement of Facts ¶¶ 4, 8-13, 18, 26, 30]. Dr. Tabourne rather wished to be moved to the West Orange Property, as his friend and attorney, Mr. Hawkins, allegedly and persistently conveyed to the Tabourne brothers and Mountainside's staff. [*Id.* ¶¶ 9, 18-19, 21, 29-30]. According to the Complaint, the Tabourne brothers prohibited and prevented Mr. Hawkins and Mrs. Tabourne from contacting and visiting Dr. Tabourne, in a "conspiracy" to maintain control over Dr. Tabourne's medical care and financial decisions. [*Id.* ¶¶ 6, 25, 31]. Moreover, while Dr. Tabourne granted a power of attorney and an advance medical directive to the Tabourne brothers, the Complaint alleges they lacked authority to move Dr. Tabourne to Texas against his wishes without his primary physician determining that Dr. Tabourne lacked the ability to make his own care decisions. [*Id.* ¶¶ 20, 23-24, 27-31].

Based on those allegations, the Complaint purports to state ten counts based on: (i) violations of Dr. Tabourne's rights to enjoy his home and property, freedom of speech and movement, equal protection, and substantive due process under federal and state laws; (ii) Dr. Tabourne's false imprisonment; (iii) violations of Dr. Tabourne's rights under public accommodation laws; (iv) reckless and intentional infliction of severe emotional distress; (v)

"malicious interference" with Plaintiffs' "beneficial economic condition"; and (vi) the Tabourne brothers' breach of their fiduciary duties to Dr. Tabourne.[2] [*Id.* at 15-29]. The Complaint demands a monetary judgment in the form of damages, interest, and attorneys' fees, as well as injunctive and declaratory relief with respect to Dr. Tabourne's person, property, and affairs. [*See generally id.*].[3]

      B.      <u>Relevant Procedural History</u>

After the Tabourne brothers and the Mountainside defendants answered the Complaint [D.E. 8, 13, 22],[4] the Court held an initial scheduling conference on August 30, 2022, and issued a Pretrial Scheduling Order, which set a March 24, 2023 deadline to complete fact discovery, and a January 4, 2023 deadline for filing motions to amend pleadings. [D.E. 23]. During discovery, Mr. Hawkins filed a letter noting Dr. Tabourne's passing on October 7, 2022. [D.E. 32].

On October 24, 2022, the Spring Cypress defendants appeared in the action and moved to dismiss the complaint for lack of personal jurisdiction, ineffective service of process, and failure to state a claim. [D.E. 35].[5] The Tabourne brothers then requested permission to move for dismissal, arguing that, due to Dr. Tabourne's death, "there is no actual [case in] controversy," and that the Court should therefore stay discovery pending a ruling on the dispositive motions. [D.E. 39].[6]

---

[2] The last count appears to be a "claim" for declaratory and injunctive relief. [*See* D.E. 1, Compl. at 26-29].

[3] Together with the Complaint, Plaintiffs moved for preliminary injunctive relief, including an order restraining the disposition of the West Orange Property. [D.E. 1-3, 1-4]. The request was denied. [D.E. 4].

[4] Among other defenses, these Defendants assert the Complaint should be dismissed for lack of standing because Mr. Hawkins "has not been retained and is not authorized to represent Dr. [] Tabourne." [D.E. 8, 13, 22]. In that regard, counsel for the Mountainside defendants filed a letter on September 8, 2023, noting a future intent to move for dismissal under Rule 11 and a refusal to engage in discovery. [D.E. 24].

[5] The District Court administratively terminated this motion without prejudice to the filing of a renewed motion following this Court's decision on the motion for substitution. [D.E. 61].

[6] In that letter, counsel for the Tabourne brothers expressed that, during the Rule 16 conference, "Mr. Hawkins admitted to the Court that he was never formally retained by Dr. Tabourne pursuant to a Legal Services Agreement, and that he never spoke to Dr. Tabourne in connection with the filing of the instant suit." [D.E. 39 at 1]. Moreover, even if Mr. Hawkins believed he did represent Dr. Tabourne in any capacity, such counsel states that the Tabourne brothers "formally exercised their fiduciary responsibility pursuant to the [power of attorney] and terminated any such alleged representation." [*Id.*].

Thereafter, the Court suspended all discovery deadlines and scheduled a case management conference, which was held on November 28, 2022. [D.E. 42, 51]. During that conference, the Court stayed discovery until the resolution of the anticipated substitution motion and expressly directed Mr. Hawkins to file any such motion in accordance with Rule 25. [D.E. 51].

Mr. Hawkins filed the first Rule 25 motion on January 4, 2023. [D.E. 52, 53, 54]. On February 23, 2023, the Court denied that motion without prejudice, concluding that Mrs. Tabourne had failed to present sufficient evidence showing she is a proper substitute party and in light of the controversy between the parties as to the legal relationship between she and Dr. Tabourne. [D.E. 60]. The Court further ordered that any renewed substitution motion "must affirmatively and thoroughly address each element to be considered in a Rule 25 substitution analysis, including whether each claim in the Complaint is extinguished by Dr. Tabourne's death." [*Id.* at 3].

On April 28, 2023, Mrs. Tabourne filed the substitution motion that is currently pending. [*See* D.E. 63].[7] In addition to arguing she should be deemed Dr. Tabourne's legal representative, Mrs. Tabourne moves for an order: (i) granting her leave to file an amended complaint on the ground that new information has revealed additional claims; (ii) declaring a New Jersey state court ruling as contrary to law and the State of Texas as the appropriate jurisdiction to issue letters of administration; (iii) correcting "an injustice" under "this Court's general equity power"; and (iv)

---

[7] The motion is procedurally deficient on various grounds. First, Mr. Hawkins violated this Court's Civil Case Management Order by filing a motion for relief other than party substitution without the Court's leave. Second, Mr. Hawkins also failed to comply with that Order and the Local Civil Rules by failing to include, with the motion to amend, a black- or red-lined version of the proposed amended complaint. Third, the form of Mr. Hawkins's motion papers fails to comply with the letter and spirit of Local Civil Rules 7.1, 7.2, and 10.1. For example, Mr. Hawkins's filings are riddled with typographical errors, consist of interchangeable lowercase and uppercase text without any apparent reason or meaning, and include, as argument, almost twenty pages of block quotes from statutes or case law without any, or with little, analysis. Notably, in a separate action involving a different plaintiff, this Court denied motions filed by Mr. Hawkins for failure to submit proper supporting legal briefs in violation of these Rules. [*See* Civ. No. 20-14766, D.E. 67].

deeming Mrs. Tabourne the administrator of Dr. Tabourne's Estate under Texas law. [*See id.*].[8] The Tabourne brothers and Mountainside opposed the renewed motion. [*See* D.E. 66, 67].

On April 27, 2023, counsel for the Tabourne brothers sought leave to move to discharge the notice of *lis pendens* filed by Mrs. Tabourne with respect to the West Orange Property. [D.E. 62]. They argued there was no legal basis for the *lis pendens* because Mrs. Tabourne had no property interest in the West Orange Property and Dr. Tabourne's claims relating to relief sought in connection with that property were extinguished with his passing. [*Id.*]. The Court granted leave [D.E. 65], and the Tabourne brothers moved for such relief and sanctions. [D.E. 71]. In response, Mr. Hawkins filed a notice stating that he consented to the discharge of the notice of *lis pendens*. [D.E. 75]. Subsequent letters from July 2023 reflect that the parties were, confoundingly, unable to agree on who should prepare and file a stipulation or notice to discharge that notice. [D.E. 76, 77]. Since then, the Court has received no further communication on the matter from any party. Yet, the Court's own search of the Essex County's Office of Register of Deeds & Mortgages reflects that, on July 14, 2023, Mr. Hawkins recorded a document providing for the discharge of the *lis pendens* notice. Significantly, according to a deed recorded in that Office on October 16, 2023, the West Orange Property was purchased by a third party from Dr. Tabourne's Estate, acting by and through Jeffrey Tabourne.[9]

---

[8] Mrs. Tabourne's own supporting brief raises questions about whether Mr. Hawkins and Dr. Tabourne ever formed an attorney-client relationship. [*See* D.E. 63-9 at 2 ("Plaintiff Joseph, while alive, requested his wife, Carla to protect his interests …. Plaintiff, Carla followed the desires of her husband and hired longtime friend and attorney, Eldridge Hawkins[,] to protect their interests."). The Court is troubled by Defendants' allegations concerning Mr. Hawkins's alleged representation of Dr. Tabourne, which, if true, would likely mean the Complaint is null and void *ab initio*—at least in principal part. The Court reminds Mr. Hawkins of his obligation to comply with all ethical and legal rules and requirements imposed on members of the Bar of this Court, including compliance with Federal Rule of Civil Procedure 11.

[9] These documents are available in that Office's website as Instrument Nos. 2023042328 and 2023062127.

## II.     DISCUSSION

### A.     Motion to Substitute Mrs. Tabourne for Dr. Tabourne

Motions to substitute parties are governed by Federal Rule of Civil Procedure 25, which provides, in relevant part, that "[i]f a party dies and the claim is not extinguished, the court may order substitution of the proper party" upon a motion brought by "any party or by the decedent's successor or representative … within 90 days of after service of a statement noting the death." Fed. R. Civ. P. 25(a)(1).[10] Thus, the Court should permit substitution if Mrs. Tabourne establishes that: (i) the motion is timely; (ii) Dr. Tabourne's claims were not extinguished upon death; and (iii) Mrs. Tabourne is a proper substitute party for Dr. Tabourne. *See Cuoco v. Palisades Collection, LLC*, Civ. No.13-6592, 2014 WL 956229, at *3 (D.N.J. Mar. 11, 2014) (citation omitted). Although the decision to grant a Rule 25 motion lies within the Court's discretion, *McKenna v. Pac. Rail Serv.*, 32 F.3d 820, 836 (3d Cir. 1994), such a motion should be "freely granted." *In re Baycol Prod. Litig.*, 616 F.3d 778, 783 (8th Cir. 2010) (citing the 1963 advisory committee note to Rule 25); *see also Cuoco*, 2014 WL 956229, at *3 (stating that "such a denial, without cause, is rare").

Here, it appears the motion is timely[11] and that some of Dr. Tabourne's "claims" survive his death.[12] Assuming then, without deciding, that the claims were not extinguished, this Court must consider whether Mrs. Tabourne is a proper party for substitution. "Rule 25 limits properly

---

[10] That provision further states that the decedent's action must be dismissed if the motion to substitute is not made within that 90-day period. Fed. R. Civ. P. 25(a)(1).

[11] A notice of Dr. Tabourne's death was filed on October 7, 2022 and appears to have been served on the necessary individuals. [D.E. 32]. Mr. Hawkins timely filed the first substitution motion on January 4, 2023. [D.E. 52]. In denying the motion without prejudice, the Court effectively extended the deadline, pursuant to Rule 6(b), to April 28, 2023. [D.E. 60]. The renewed motion was filed on April 28, 2023. [D.E. 63].

[12] At a minimum, it appears Dr. Tabourne's section 1983 claims likely survive his death. The survival of these claims "is governed … by the law of the forum state, 'so far as the same is not inconsistent with the Constitution and laws of the United States.'" *Webb v. City of Newark*, Civ. No. 12-3592, 2015 WL 857850, at *4 (D.N.J. Feb. 27, 2015) (citations omitted). "New Jersey law allows the[se] claims to survive … death, and [New Jersey] survivorship laws are not inconsistent with the policies underlying § 1983." *Id.* at *5.

substituted parties to those … who can adequately represent the interests of the deceased party." *Sinito v. U.S. Dep't of Justice*, 176 F.3d 512, 516 (D.C. Cir. 1999); *Cagnina v. Lanigani*, Civ. No. 16-7253, 2023 WL 8378652, at *2 n. 5 (D.N.J. Nov. 17, 2023) (questioning whether the proposed substitute parties "can adequately represent the interests of [the] Plaintiff, considering their minimal contact with him over the years" (citation and quotation marks omitted)); *Rocco v. Bickel*, Civ. No. 12-829, 2013 WL 4000886, at *3 (M.D. Pa. Aug. 5, 2013) ("… [M]atters of substitution are not defined mechanically by the mere fact that a person is related through blood or marriage to the decedent." (citation omitted)).[13] Thus, "courts should therefore look at the facts and circumstances of each case and then determine whether the person moving to substitute will sufficiently prosecute or defend the action on the decedent's behalf." *In re Baycol Prod. Litig.*, 616 F.3d at 788.

"It is well-established that a decedent's legal representative may substitute as plaintiff for the decedent in a cause of action." *Id.* at 783, 788 ("In the typical case, the proper party would be 'the representative of the decedent's estate who has been appointed under state law.'") (citations omitted). Here, unquestionably, Mrs. Tabourne is not Dr. Tabourne's legal representative. The Tabourne brothers submitted evidence establishing that: (i) Dr. Tabourne died intestate in Harris County, Texas; (ii) the Harris County Probate Court appointed Jeffrey Tabourne ("Jeffrey") Administrator of Dr. Tabourne's Estate on December 15, 2022; (iii) Jeffrey was also appointed Administrator of Dr. Tabourne's Estate in connection with the West Orange Property in Essex County, New Jersey, on March 31, 2023;[14] (iv) Dr. Tabourne executed and notarized a power of

---

[13] The February 23 Order addressed the relationship—or, more accurately, the lack thereof—between Dr. Tabourne and Mrs. Tabourne. [*See* D.E. 60 at 1 n. 1 (noting that they were separated for many years, did not comingle funds or assets, were not economically interdependent, and had minimal contact over the years)].

[14] Under New Jersey law, "[w]here a nonresident dies intestate seized of real property or possessed of personal property in [New Jersey] … , the surrogate's court of the county wherein any of the real or personal property or evidence thereof, is situate, or the Superior Court, shall, in an action upon satisfactory proof of intestacy, issue letters of administration upon the estate of the nonresident to the administrator of his estate or, on notice to the administrator as the court shall require, to any person who would be entitled to administration if the intestate had been a resident at his death." N.J.S.A. § 3B:10-7.

attorney naming the Tabourne brothers as his agents and attorneys-in-fact; and (v) Dr. Tabourne executed and notarized a "Combined Advance Directive for Health Care" designating the other Tabourne brother, Christopher Tabourne, as Dr. Tabourne's health care representative. [D.E. 67-1, Tabourne Cert. ¶¶ 1, 6, 22-23 & Exs. A, B, E, and F]. Rather than submitting a declaration or evidence, Mrs. Tabourne argues, in a conclusory fashion, she should be his legal representative. [D.E. 63 at 2; 62-9 at 3-4]. While conceding she has not been appointed as administrator,[15] it appears she seeks an order from this Court declaring various state court rulings as contrary to law and deeming her as Dr. Tabourne's legal representative. [*See id.*]. Leaving aside that a federal court lacks the authority to issue such an order,[16] this Court concludes Mrs. Tabourne cannot be properly substituted for Dr. Tabourne in the legal personal representative capacity.

To be sure, in certain cases, a decedent's successor may qualify as a proper substitute. *See In re Baycol Prod. Litig.*, 616 F.3d at 783 (citing *Sinito*, 176 F.3d at 516). In the Third Circuit, courts rely on the following formulation to determine who is a "successor" for Rule 25 purposes: "(1) the primary beneficiary of an already distributed estate … ; (2) [one] named in a will as the executor of the decedent's estate, even if the will is not probated … ; or (3) the primary beneficiary of an unprobated intestate estate which need not be probated …." *See Cagnina*, 2023 WL 8378652, at *2 n. 4 (quoting *In re Baycol Prod. Litig.*, 616 F.3d at 784-85 (citations omitted)), *report and*

---

[15] In fact, according to their prenuptial agreement, Mrs. Tabourne and Dr. Tabourne each waived the right to act as personal representative of the other's estate. [D.E. 67-1, Tabourne Decl. ¶ 10 & Ex. G ¶ 5].

[16] At its core, Mrs. Tabourne's motion for miscellaneous relief seeks an order reversing and/or modifying rulings issued by state or local courts with jurisdiction over the administration of Dr. Tabourne's Estate. To the extent Mrs. Tabourne takes issue with those rulings and seeks to appeal them, this "federal district court is not the proper forum in which to appeal an unfavorable decision of a state probate court judge." *See Rose v. Bohn*, Civ. No. 20-13446, 2022 WL 60679, at *2 (D.N.J. Jan. 6, 2022) (Bumb, C.J.) (stating the court lacks jurisdiction over claims "'involv[ing] the administration of an estate, the probate of a will, or any other purely probate matter'" (quoting *Marshall v. Marshall*, 547 U.S. 293, 311 (2006))).

*recommendation adopted*, 2023 WL 8374012 (D.N.J. Dec. 4, 2023); *Harley v. Warren*, Civ. No. 13-7656, 2023 WL 7489989, at *3 (D.N.J. Nov. 13, 2023); *Cuoco*, 2014 WL 956229, at *10.[17]

None of those iterations are present here. First, Dr. Tabourne died intestate. [*See* D.E. 67-1, Tabourne Decl., Ex. A (Harris County Probate Court finding that Dr. Tabourne "died without leaving a valid will") & Ex. B (Essex County Surrogate's Court finding that Dr. Tabourne died intestate in Texas)]. Second, while it appears Dr. Tabourne's Estate must be probated—given Jeffrey's appointment as independent administrator and the presence of more than one distributee—there is no evidence that the Estate has been already distributed. In fact, based on the Court's review of the online docket for the Estate's independent administration before the Harris County Probate Court, it appears the proceeding remains open and pending. Third, even if Dr. Tabourne's Estate were already fully distributed, Mrs. Tabourne has categorically failed to show how she qualifies as the primary beneficiary of the Estate. *See Harley*, 2023 WL 7489989, at *3 (deeming Rule 25 motion facially deficient because "a proper party to be substituted has not been identified"); *Badillo v. Obuah*, Civ. No. 10-4222, 2012 WL 4194020, at *2 (D.N.J. Sept. 17, 2012) (denying, without prejudice, a substitution motion where the movant failed to submit anything to indicate that the proposed substitute party "is in fact a representative of the estate").

On the other hand, the Tabourne brothers have submitted a prenuptial agreement—which the Harris County Probate Court accepted before granting Jeffrey letters of administration—that provides that Dr Tabourne and Mrs. Tabourne each agreed to waive, upon the other's death, any

---

[17] The Eight Circuit has stated that the question of who is a proper substitute party "is a substantive issue, for which we must rely upon state law." *In re Baycol Prod. Litig.*, 616 F.3d at 787-88. However, other courts are split on whether state or federal law should apply. *See Perron on behalf of MFJ v. Travis*, Civ. No. 20-221, 2023 WL 372064, at *2 (M.D. La. Jan. 24, 2023) (collecting cases); *Ralston v. Garabedian*, Civ. No. 19-1539, 2022 WL 3647818, at *4 (E.D. Pa. Aug. 24, 2022) ("Federal law would apply if [the plaintiff] brought federal claims …." (citation omitted)); *Janvey v. Adams & Reese, LLP*, Civ. No. 12-0495, 2014 WL 12834493, at *3 (N.D. Tex. Oct. 3, 2014) (rejecting argument that state law determines who is a proper party and noting that courts have interpreted the term "successor" without reference to state law (citation omitted)).

rights to (i) elect against the decedent's will, (ii) a statutory share of the other's estate, (iii) dower or curtesy, (iv) quarantine, and (v) act as personal representative to the other's estate. [D.E. 67-1, Tabourne Decl., Ex. G ¶ 5]. The agreement also states that Dr. Tabourne agreed to designate Mrs. Tabourne as the beneficiary of a $50,000 life insurance policy, as long as they remain married, and to make certain monetary bequests to her under his "will." [*Id.* ¶ 6]. Dr. Tabourne agreed to make no claim upon Mrs. Tabourne's estate. [*Id.* ¶ 4]. Thus, while Mrs. Tabourne appears to be a beneficiary of Dr. Tabourne's Estate, she has failed to show she is the primary beneficiary given the Tabourne brothers' claims. Ultimately, even if Mrs. Tabourne qualified as a "primary beneficiary," the evidence suggests the Estate has yet to be fully distributed, and therefore, she is not a successor or a proper substitute party for Rule 25 purposes. *See In re Baycol Prod. Litig.*, 616 F.3d at 784-85; *see also John Alden Life Ins. Co. v. Wright*, 838 F.2d 466 (4th Cir. 1988) ("The executor, administrator, or distributor of the deceased estate is the only party who may properly qualify as personal representative unless the assets of the estate have been distributed; then the proper party would be the successor of the estate." (citations omitted)); *Ashley v. Illinois Cent. Gulf R. Co.*, 98 F.R.D. 722, 724 (S.D. Miss. 1983) (same) (citing *Rende v. Kay*, 415 F.2d 983 (D.C. Cir. 1969)).[18]

---

[18] Even if the Court were to apply state law to the question of who is a proper substitute party despite the fact that the Court has federal question jurisdiction over the action, the result would be the same. Mrs. Tabourne's argument that she is a proper substitute party under Texas law is without legal or evidentiary support. Leaving aside the fact that she makes no showing that Texas law should apply (over New Jersey law), the applicability of such law is questionable considering that the state law claims are based on New Jersey law and that courts look at the substantive law of the forum to determine the survival of a decedent's claims. *See Giles v. Campbell*, 698 F.3d 153, 156 (3d Cir. 2012). In any event, under either New Jersey or Texas law, the general rule appears to be that only a personal representative may maintain a survival action. *See Cuoco*, 2014 WL 956229, at *6 (quoting N.J.S.A. § 2A:15-3); *Blassingill v. Reyes*, Civ. No. 17-3415-B, 2018 WL 4922442, at *2 (N.D. Tex. Sept. 18, 2018), *report and recommendation adopted*, 2018 WL 4913881 (N.D. Tex. Oct. 9, 2018) (stating, however, that "[h]eirs at law can maintain a survival suit ... if they allege and prove that there is no administration pending and none is necessary" (citations omitted)). Mrs. Tabourne's reliance on section 71.004 of the Texas Civil Practice & Remedies Code is misplaced. That section applies to wrongful death claims, which, naturally, Dr. Tabourne did not assert before his passing.

Despite being provided with another opportunity to meet the Rule 25 standard, Mrs. Tabourne once again falls short. The simple contention that she is a proper substitute party based on her status as Dr. Tabourne's surviving spouse and beneficiary is insufficient to satisfy her burden. Accordingly, Mrs. Tabourne's motion to substitute must be denied.

B.  Mrs. Tabourne's Remaining Motions

The remaining motions for leave to amend and for relief concerning the administration of Dr. Tabourne's Estate fail to comply with the Local Civil Rules and this Court's Civil Case Management Order ("CMO"). As an initial matter, Mrs. Tabourne failed to obtain the Court's leave before filing these motions in violation of paragraph four of the CMO. For this reason alone, the Court will deny these motions without prejudice. Additionally, despite Local Civil Rule 15.1(a)(2) and paragraph 5 of the CMO requiring the filing of a red-lined version of the proposed pleading indicating in what respects it differs from the operative pleading, Mrs. Tabourne failed to file such a document. Consequently, the Court cannot adequately "evaluate the sufficiency of the proposed amended pleading," or the motion to amend. *Leoncini v. Feinstein*, Civ. No. 18-14554, 2019 WL 1261404, at *3 (D.N.J. Mar. 18, 2019) (citations and quotation marks omitted).[19] Accordingly, denial of the motion to amend is warranted on this additional basis. *See id.* (citing *Obuskovic v. Wood*, Civ. No. 15-7520, 2016 WL 6471023, at *1, n. 2 (D.N.J. Oct. 31, 2016)); *Murray v. Cnty. of Hudson*, Civ. No. 17-2875, 2021 WL 2221398, at *4 (D.N.J. June 2, 2021); *see also* CMO ¶ 5 (stating that failure to file the red-lined version "will result in administrative termination of the motion").[20]

---

[19] The apparent purpose of the motion to amend is to state allegations and claims that took place after the filing of the Complaint. Thus, to the extent it is necessary and meritorious, the motion should be filed as a motion for leave to serve a supplemental pleading pursuant to Federal Rule of Civil Procedure 15(d).

[20] In a different action, the Court administratively terminated a motion to amend filed by Mr. Hawkins for failure to comply with these Rules. [*See* Civ. No. 20-14766, D.E. 10 (stating that no further application to amend would be entertained "[u]ntil plaintiff strictly complies with the Federal Rules and Local Rules")].

   C. <u>The Tabourne Brothers' Motion</u>

As an initial matter, given that Mrs. Tabourne consented to discharging the subject notice of *lis pendens* and that Mr. Hawkins has since filed a document effecting such discharge, the Tabourne brothers' application for an order discharging the notice is moot. Accordingly, the Court proceeds to address the request for an order, pursuant to Federal Rule of Civil Procedure 11, awarding attorneys' fees and costs incurred in filing the motion "as well as those expenses incurred in connection with the vacant property since the filing of the Lis Pendens [in April 2022]." [*See* D.E. 71, 76]. The Court denies the sanctions motion without prejudice for failing to comply with Rule 11(c)(2), which requires that the motion "be made separately from any other motion."[21]

## III. CONCLUSION AND ORDER

For the foregoing reasons, this Court denies Mrs. Tabourne's motion to substitute because she has failed to satisfy her burden of showing she is a proper substitute party. The remaining applications must be denied as either moot or procedurally deficient.

---

[21] While it certainly appears the notice of *lis pendens* delayed the disposition of the West Orange Property, Mr. Hawkins states he did not intentionally disregard defense counsel's communications. [D.E. 77-1 (asserting, puzzlingly, that Mr. Hawkins lacked the ability to fully respond to such communications because he has no staff, income to hire staff, or "the wherewithal to do much of anything right now")].

As defense counsel is well aware, the decision to award Rule 11 sanctions "falls within the sound discretion of the District Court," *Brubaker Kitchens, Inc. v. Brown*, 280 F. App'x 174, 185 (3d Cir. 2008), and they "are warranted only in the exceptional circumstances where [conduct] … is patently unmeritorious or frivolous." *Gant v. Ragone*, Civ. No. 20-1727, 2021 WL 3144620, at *1 (D.N.J. July 26, 2021) (citations and quotation marks omitted); *see also* Fed. R. Civ. P. 11(c)(4) ("A sanction imposed under this rule must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated.").

To grant the request, the Court must conclude there is evidence that Mr. Hawkins filed the notice "with the intent to harass, cause undue delay, or needlessly increase litigation expenses," *Gant*, 2021 WL 3144620, at *2 (citation omitted), and that his "conduct was [not] 'objectively reasonable' under the circumstances. *Cymonisse v. Fair Cap., LLC*, Civ. No. 20-2430, 2021 WL 1178653, at *2 (D.N.J. Feb. 24, 2021), *report and recommendation adopted*, 2021 WL 1175161 (D.N.J. Mar. 26, 2021) (citation omitted).

Defense counsel is urged to exercise careful judgment in assessing whether a renewed Rule 11 motion is necessary under the present circumstances. In any event, the Court reminds Mr. Hawkins of his obligations, notwithstanding the current vibrancy of his law practice, under the New Jersey Rules of Professional Conduct and Appendix R to the Local Civil Rules (entitled "Guidelines for Litigation Conduct"), available on the Court's website, in handling this matter and all other matters pending before this District Court.

Accordingly,

**IT IS** on this on this 15th day of December, 2023,

**ORDERED** that Mrs. Tabourne's motion to substitute is **DENIED**; and it is further

**ORDERED** that Mrs. Tabourne's motion for other relief is **DENIED WITHOUT PREJUDICE** to Mrs. Tabourne refiling any appropriate motion within fourteen days of the date of this Order, consistent with this Opinion and in accordance with all applicable rules; and it is further

**ORDERED** that to the extent any other party may properly substitute for Dr. Tabourne, any Rule 25 motion shall be filed within fourteen days of the date of this Order. The deadline to move for substitution will not be further extended. Upon expiration of such period, this Court will recommend dismissal of Dr. Tabourne's claims in accordance with Rule 25(a)(1); and it is further

**ORDERED** that the Tabourne brothers' motion to discharge the subject *lis pendens* notice is **DENIED** as moot; and it is further

**ORDERED** that the Tabourne brothers' motion for Rule 11 sanctions is **DENIED WITHOUT PREJUDICE**; and it is further

**ORDERED** that the Court will hold a telephonic status conference on **January 19, 2024, at 12:00 p.m.**, to be joined by dialing 866-434-5269, access code 1874589; and it is further

**ORDERED** that on or before **January 16, 2024**, the parties shall file a joint letter, not to exceed three pages double-spaced, setting forth the status of this matter, stating whether Defendants will seek leave to renew their applications or motions to dismiss any remaining claims, and, if applicable and warranted, proposing an amended discovery schedule; and it is further

**ORDERED** that the Clerk of Court shall terminate the motions at D.E. 63 and 71.

    /s/ *André M. Espinosa*
ANDRÉ M. ESPINOSA
United States Magistrate Judge