<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| DR. JOSEPH TABOURNE, et al., | : | |
| Plaintiffs, | : | **Civil Action No. 22-02358-JKS-AME** |
| | : | |
| v. | : | **OPINION & ORDER, and** |
| | : | **REPORT & RECOMMENDATION** |
| JEFFREY TABOURNE, et al., | : | |
| Defendants. | : | |

This matter is before the Court for further action following this Court's December 15, 2023 Opinion and Order [D.E. 78], and on the subsequent applications filed by Plaintiff Carla Tabourne ("Mrs. Tabourne") for leave to file motions to: (i) set aside the prenuptial agreement executed by and between herself and former Plaintiff, Dr. Joseph Tabourne ("Dr. Tabourne"), before a New York State Public Notary on July 1, 1977 (the "Prenuptial Agreement") [D.E. 81];[1] and (ii) to vacate the December 15 Opinion and Order pursuant to Rules 60(b)(1) and (b)(6) of the Federal Rules of Civil Procedure (the "Rules") [D.E. 85].

**I.    RELEVANT BACKGROUND**

On October 7, 2022, purported counsel for Plaintiffs, Eldridge Hawkins, Esq.,[2] filed a

---

[1] This Court ordered Plaintiff to address, with specificity, (i) the factual and legal basis for that motion, (ii) any rule or law authorizing the motion and the underlying relief, and (iii) whether the relief is more properly sought before the Texas probate court that had apparently endorsed the Prenuptial Agreement and appointed Jeffrey Tabourne administrator of Dr. Tabourne's estate. [D.E. 80 at 2].

[2] Defendants dispute the existence of a proper and valid attorney-client relationship between Mr. Hawkins and Dr. Tabourne. [*See* D.E. 78 at 3 n. 6 (noting letter from counsel for Dr. Tabourne's sons expressing that, during the Rule 16 conference, "Mr. Hawkins admitted to the Court that he was never formally retained by Dr. Tabourne pursuant to a Legal Services Agreement, and that he never spoke to Dr. Tabourne in connection with the filing of the instant suit")]. In its December 15 Opinion and Order, this Court expressed concern over that murky relationship, considering Mrs. Tabourne's own assertions. [*Id.* at 5 n. 8 (citing D.E. 63-9 at 2 ("[Dr. Tabourne], while alive, requested [Mrs. Tabourne] to protect his interests …. [Mrs. Tabourne] followed the desires of her husband and hired longtime friend and attorney, [Mr.] Hawkins[,] to protect their interests."))]. According to Dr. Tabourne's sons, Mrs. Tabourne had not

letter noting Dr. Tabourne's death on that date. [*See* D.E. 32]. On January 4, 2023, Mrs. Tabourne then filed a Rule 25 motion for an order substituting herself as a plaintiff for Dr. Tabourne. [*See* D.E. 52-54]. On February 23, 2023, this Court (i) denied that motion without prejudice—concluding that Mrs. Tabourne had failed to present sufficient evidence to show she is a proper substitute party and due to the controversy as to the legal relationship between herself and Dr. Tabourne[3]—and (ii) ordered that any renewed substitution motion "must affirmatively and thoroughly address each element to be considered in a Rule 25 substitution analysis, including whether each claim … is extinguished by Dr. Tabourne's death." [D.E. 60].

On April 28, 2023, Mrs. Tabourne filed a second substitution motion [*see* D.E. 63], which was opposed by certain Defendants. [*See* D.E. 66-67]. In the December 15 Opinion and Order denying that motion, this Court set forth the relevant and applicable law in detail. *See Tabourne v. Tabourne*, No. 22-02358, 2023 WL 8664616 (D.N.J. Dec. 15, 2023). This Court would have granted Mrs. Tabourne's motion had she established: (i) the motion is timely; (ii) Dr. Tabourne's claims were not extinguished upon death; and (iii) she qualified as a proper substitute party for Dr. Tabourne. *See id.* at *3 (citing *Cuoco v. Palisades Collection, LLC*, No. 13-6592, 2014 WL 956229, at *3 (D.N.J. Mar. 11, 2014)). This Court focused its inquiry on whether Mrs.

---

lived with Dr. Tabourne since 1991, when she "abandoned" Dr. Tabourne and the Tabourne brothers, moved from their New Jersey home to Minnesota, where she pursued employment and continued to reside thereafter, never returning permanently to New Jersey. [*See* D.E. 60 at 1 n. 1 (citing D.E. 55-1 ¶¶ 8-10)]. Those circumstances raise reasonable questions about Mrs. Tabourne's ability act on Dr. Tabourne's behalf in 2022, after thirty years of separation from him. If Defendants' allegations hold true, the Complaint, at least as it pertains to Dr. Tabourne, would likely be null and *void ab initio*. This Court thus reminded, and continues to remind, Mr. Hawkins of his ethical and legal obligations, including compliance with the New Jersey Rules of Professional Conduct and Federal Rule of Civil Procedure 11.

[3] The February 23 Order addressed, in detail and at length, the relationship—or, more accurately, the lack thereof—between Dr. Tabourne and Mrs. Tabourne. [*See* D.E. 60 at 1 n. 1 (noting, among other things, that they were separated for many years, did not comingle funds or assets, were not economically interdependent, and had minimal contact over the years)].

Tabourne qualified as proper substitute party—*i.e.*, whether she "can adequately represent [Dr. Tabourne's] interests" and is either Dr. Tabourne's "legal representative" or "successor"—and held that she failed to satisfy her burden. *Id.* at *3-6 (citations and quotation marks omitted).

As an initial matter, this Court found that Mrs. Tabourne is not Dr. Tabourne's legal representative given that, among other things, Jeffrey Tabourne, one of Dr. Tabourne's sons, has been appointed administrator of Dr. Tabourne's estate by two state probate courts. *Id.* at *4.[4] Moreover, this Court held that Mrs. Tabourne did not qualify as Dr. Tabourne's "successor" under Rule 25 because she was neither: (i) the primary beneficiary of an already distributed estate; (ii) the person named in a will as the executor of Dr. Tabourne's estate, even if the will is not probated; nor (iii) the primary beneficiary of an un-probated, intestate estate which need not be probated. *Id.* at *4-5 (citations omitted). Indeed, the parties' submissions to date demonstrate that Dr. Tabourne's un-probated, intestate estate must still be probated and distributed, and thus, even if Mrs. Tabourne were a "primary beneficiary," she would not qualify as proper substitute successor party under Rule 25. *Id.* (citations omitted).[5] Having denied the second substitution motion, this Court ordered the filing of any other Rule 25 motion by the firm deadline of December 29, 2023, and noted that, in the absence of a timely and proper motion, it would recommend to the District Court dismissal of Dr. Tabourne's claims pursuant to Rule 25(a)(1). *Id.* at *7. However, no other Rule 25 motion was filed before the December 29 deadline.

---

[4] This Court emphasized that this is not the proper forum to challenge or declare state probate court rulings as contrary to law. *See Tabourne*, 2023 WL 8664616, at *4 n. 16 (citations omitted).

[5] In *John Alden Life Ins. Co.*, the Fourth Circuit stated that the "executor, administrator, or distributor of the … estate is the only party who may properly qualify as personal representative unless the assets of the estate have been distributed; then the proper party would be the successor of the estate." 838 F.2d 466 (4th Cir. 1988); *see also In re Baycol Prod. Litig.*, 616 F.3d 778, 784-85 (8th Cir. 2010); *Ashley v. Illinois Cent. Gulf R. Co.*, 98 F.R.D. 722, 724 (S.D. Miss. 1983); *Rende v. Kay*, 415 F.2d 983 (D.C. Cir. 1969).

Despite this Court's uncontested and clear conclusions, on January 4, 2024, Mrs. Tabourne filed her application for leave to file a motion to set aside the Prenuptial Agreement for the purpose of "be[coming] the primary beneficiary [of Dr. Tabourne's estate] and qualify[ing] to become the substitute plaintiff [for Dr. Tabourne] pursuant to FRCP25(a)." [D.E. 81]. Leaving aside the unlikely proposition that subject matter jurisdiction to set aside the Prenuptial Agreement could be sufficiently demonstrated, Mrs. Tabourne fails to explain why the proposed motion is not more properly brought before the State of Texas's Harris County Probate Court ("Probate Court"), which (i) seemingly endorsed the Prenuptial Agreement,[6] (ii) appointed Jeffrey Tabourne administrator of the estate, and (iii) currently has before it a petition to declare the Prenuptial Agreement valid.[7] [*See id.*]. Rather, Mrs. Tabourne argues, in a summary and conclusory fashion, that "New Jersey is more convenient" to address the matter. [*Id.* at 3]. In opposition, the Tabourne brothers argue the Probate Court is the appropriate forum to adjudicate questions over the validity of the Prenuptial Agreement, and that there is no legal basis to declare the Prenuptial Agreement invalid. [D.E. 82 at 1-2]. Moreover, they contend that Mrs. Tabourne's

---

[6] The docket of the Probate Court's independent administration proceeding concerning Dr. Tabourne's estate reflects that, on December 9, 2022, Jeffrey Tabourne filed a notice of Mrs. Tabourne's waiver of rights to letters of administration based on the language of the Prenuptial Agreement, which provides for Mrs. Tabourne's waiver of rights to act as personal representative of Dr. Tabourne's estate. Based upon, among other things, that waiver and the lack of objections from Mrs. Tabourne or any other party, the Presiding Judge for that Probate Court issued letters of administration to Jeffrey Tabourne five days later.

[7] Jeffrey Tabourne submitted that petition on January 11, 2024. [*See* D.E. 82]. The petition states, in relevant part, as follows: (i) the Probate Court has jurisdiction over the petition; (ii) the application to determine heirship remains pending before that court; (iii) Mrs. Tabourne was represented by legal counsel in negotiating the Prenuptial Agreement; (iv) Mrs. Tabourne's counsel prepared the Prenuptial Agreement; (v) under the Prenuptial Agreement, Mrs. Tabourne is owed $275,000; and (vi) through a 34% beneficiary designation to his individual retirement account ("IRA"), Dr. Tabourne granted Mrs. Tabourne cash and securities in the total amount of $1,355,436.28. [*Id.* at 10-16]. By way of the petition, Jeffrey Tabourne seeks a declaration that the Prenuptial Agreement is a valid contract, that Dr. Tabourne satisfied his contractual obligations under that Agreement by designating Mrs. Tabourne beneficiary to his IRA, and that Mrs. Tabourne's waivers in the Prenuptial Agreement are valid and enforceable. [*Id.* at 13-15]. According to the Probate Court's records, the petition was deemed filed as of January 16, 2024.

"argument that the setting aside of the Prenuptial Agreement will result in her substituting in for [Dr. Tabourne's] claims and being named Administrator of the Decedent's Estate is nonsensical and without any legal support." [*Id.* at 3].

To compound matters, on January 22, 2024, Mrs. Tabourne filed another application for leave to file a motion to vacate the December 15 Opinion and Order, pursuant to Rules 60(b)(1) and (b)(6), "based on mistake and any other reason." [D.E. 85]. Mrs. Tabourne states that "[w]ithout the prenup being set aside [she] cannot reasonably qualify as a substitute party." [*Id.* at 1 (further stating the Tabourne brothers engaged in forum shopping by filing a petition to declare the Prenuptial Agreement valid after she sought to invalidate it herein)].[8] Finally, Mrs. Tabourne requests that the Court refrain from dismissing Dr. Tabourne's claims "[b]ased on our [sic] reasonable understanding that we [sic] complied by seeking leave to file the only appropriate motion pursuant to the [December 15 Opinion and] Order." [*Id.* at 2].

On February 1, 2024, at this Court's request, the Tabourne brothers filed a letter in response to Mrs. Tabourne's January 22 application. [D.E. 88 (stating, in summary, that Mrs. Tabourne's arguments are "illogical and without any legal support")].[9] First, they argue that "dismissal of Dr. Tabourne's claims is appropriate at this time" because the deadline to file another Rule 25 motion has expired. [*Id.* at 1-2]. Second, they assert that the enforceability of the Prenuptial Agreement has no bearing on Mrs. Tabourne's ability to properly substitute Dr.

---

[8] Without any plausible explanation, Mrs. Tabourne states she "sincerely believed" that this Court's December 20, 2023 Order—which essentially reiterated that a party must seek first leave, by letter, to file a motion [D.E. 80]—"superseded" the December 15 Opinion and Order, and that this Court has "conclude[d] that a prenup issue was already pending" before the Probate Court. [D.E. 85 at 2]. Mrs. Tabourne also incorrectly states that the Prenuptial Agreement "was signed in New Jersey." [*Id.*]. The Prenuptial Agreement was executed in the State of New York, County of Bronx. [*See* D.E. 88 at 18].

[9] The remaining defendants filed letters stating that they joined the Tabourne brothers in opposing Mrs. Tabourne's applications for leave to file the proposed motions. [D.E. 89, 90].

Tabourne. [*Id.* at 2-3 (noting this Court held that Mrs. Tabourne is not Dr. Tabourne's legal representative and that she does not qualify as a Rule 25 successor at this juncture)].

The Tabourne brothers confirm what this Court properly found in its December 15 Opinion and Order: (i) "the Estate has not been distributed" and "is open and pending"; (ii) "Dr. Tabourne died intestate"; and (iii) "the Estate is being probated and Mrs. Tabourne has failed to show how she would qualify as the primary beneficiary of the Estate even if it were not being probated." [*Id.* at 2]. Accordingly, they highlight the fact that setting aside the Prenuptial Agreement will have no bearing over whether Mrs. Tabourne may properly substitute Dr. Tabourne in this matter. [*Id.* at 3]. Finally, the Tabourne brothers affirm that the issue of whether the Prenuptial Agreement is enforceable is properly before the Probate Court. [*Id.* at 3]. In support of this contention, they submit a certification of counsel for Jeffrey Tabourne in the administration proceeding before the Probate Court, who certifies, in relevant part, that Jeffrey Tabourne filed the applications to determine heirship and to declare the validity and full satisfaction of the Prenuptial Agreement with the Probate Court "during the normal course of the Estate administration in order to determine which heirs will receive the Estate's final distribution and to close out the Estate." [*Id.* at 4-5]. Significantly, they note that "[i]f Mrs. Tabourne wishes to oppose th[ese] filing[s], there is nothing preventing her from doing so in Texas, rather than opening up a duplicative matter in the District Court of New Jersey." [*Id.* at 3 (further stating that Mrs. Tabourne is a Minnesota resident, not a New Jersey resident)].

## II.     DISCUSSION

### A.    This Court's Order on Mrs. Tabourne's Application for Leave to File a Motion to Set Aside the Prenuptial Agreement

As an initial matter, this Court concludes there is no basis to allow Mrs. Tabourne to file a motion to set aside the Prenuptial Agreement in this action. First, granting Mrs. Tabourne leave to file such motion would not be appropriate given that the Complaint does not assert any claim for relief pertaining to the Premarital Agreement—either expressly, implicitly, or by reference. [*See generally* D.E. 1]. As this Court described in its December 15 Opinion and Order, "th[is] action consists of an intrafamily dispute over Dr. Tabourne's medical care, property, and affairs," in which Dr. Tabourne and Mrs. Tabourne purported to state claims for violations of Dr. Tabourne's rights as it pertains to those matters. [D.E. 78 at 2-3]. Second, Mrs. Tabourne may not now move to amend the Complaint to assert claims relating to the Prenuptial Agreement given that she failed to refile a proper motion to amend within the firm deadline set forth by the December 15 Opinion and Order. [*Id.* at 13]. Third, Mrs. Tabourne has failed to show that the relief sought should not be otherwise addressed by the Probate Court, which is a proper venue to address matters pertaining to the ongoing administration proceeding and where, at this very moment, a petition filed by Jeffrey Tabourne to declare the validity of the Prenuptial Agreement is pending.[10] Finally, and most importantly, even if the Prenuptial Agreement were invalidated and a court were to find that Mrs. Tabourne is the primary beneficiary of Dr. Tabourne's estate,

---

[10] Moreover, given the pendency of such application and the Probate Court's apparent endorsement of the Prenuptial Agreement, this Court questions whether it would even have jurisdiction to invalidate the Agreement given that federal court is not the proper forum to reverse or modify "an unfavorable decision of a state probate court judge." *See Rose v. Bohn*, No. 20-13446, 2022 WL 60679, at *2 (D.N.J. Jan. 6, 2022) (Bumb, C.J.); *see also Marshall v. Marshall*, 547 U.S. 293, 311-12 (2006) ("[T]he probate exception [to the federal courts' subject matter jurisdiction] reserves to state probate courts the probate or annulment of a will and the administration of a decedent's estate; it also precludes [them] from endeavoring to dispose of property that is in the custody of a state probate court.").

she would still be ineligible to substitute as a party for Dr. Tabourne in this matter. As this Court concluded in its December 15 Opinion and Order, and as the Tabourne brothers correctly argue, the administrator of the estate—*i.e.*, Jeffrey Tabourne—is the only party who may properly qualify as personal representative because the un-probated, intestate estate must still be probated and its assets distributed. [*See* D.E. 78 at 6-11 (citations omitted)].

      B.      This Court's Order on Mrs. Tabourne's Application for Leave to File a Motion to Vacate the December 15 Opinion and Order under Rule 60(b)

Additionally, Mrs. Tabourne categorically fails to explain why her proposed Rule 60(b) motion is warranted. That Rule states, in relevant part, that, "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for … mistake, inadvertence, surprise, or excusable neglect; or … any other reason that justified relief." Fed. R. Civ. P. 60(b)(1), (b)(6). Here, Mrs. Tabourne does not identify any reasonable "mistake, inadvertence, surprise, or excusable neglect," or any other reason, warranting the vacatur of this Court's sound judgment in issuing the December 15 Opinion and Order. Importantly, "Rule 60(b) relief is available 'only in cases evidencing extraordinary circumstances.'" *Ibarra v. W.Q.S.U. Radio Broad. Org.*, 218 F. App'x 169, 170 (3d Cir. 2007) (citations omitted) ("We have held that a Rule 60(b) motion may not be used as a substitute for appeal, and that legal error, without more, cannot justify granting a Rule 60(b) motion."); *see also Sawka v. Healtheast*, 989 F.2d 138, 140 (3d Cir.1993) ("Relief under Rule 60(b)(6) may only be granted under extraordinary circumstances where, without such relief, an extreme and unexpected hardship would occur."). As Mrs. Tabourne has not remotely shown a basis for a Rule 60(b) motion, this Court will not grant her leave to further protract this action.

C. This Court's Report and Recommendation on Dr. Tabourne's Claims

Finally, this Court addresses Rule 25's mandate for the dismissal of the claims of a deceased party. Rule 25 states, in relevant part, that if the motion for substitution "is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed." Fed. R. Civ. P. 25(a)(1); *see also Paynter v. Yannis Karavia LLC*, No. 20-9458, 2021 WL 2549316, at *1-2 (D.N.J. June 22, 2021).

Here, Mr. Hawkins filed a notice of Dr. Tabourne's death on October 7, 2022, which appears to have been served on the necessary individuals. [D.E. 78 at 6 n. 11 (citing D.E. 32)]. Mrs. Tabourne timely filed the first substitution motion on January 4, 2023. [*Id.* (citing D.E. 52)]. In denying the first substitution motion without prejudice, this Court effectively extended the deadline, pursuant to Rule 6(b), to April 28, 2023. [*Id.* (citing D.E. 60)]. The renewed motion was then timely filed on April 28, 2023. [*Id.* (citing D.E. 63)]. Similarly, in denying Mrs. Tabourne's second substitution motion, the Court granted any other proper substitute party the ability to file a substitution motion by the final, firm deadline of December 29, 2023, effectively extending the Rule 25(a)(1) filing deadline to that date—more than a year after the October 7, 2022 report of Dr. Tabourne's death and more than eleven months beyond the Rule's 90-day deadline. Because the relevant deadline for dismissal purposes is effectively December 29, 2023, and no such other motion was filed before that date, Rule 25(a)(1) mandates dismissal of Dr. Tabourne's claims. Mrs. Tabourne's convenient argument that her proposed motions are necessary to prevail on a future Rule 25 motion, an argument that she raises for the first time more than a year after Dr. Tabourne's death, cannot avoid this result.

### III. CONCLUSION, ORDER, AND RECOMMENDATION

**WHEREAS**, for the foregoing reasons and good cause shown,

**IT IS** on this 4th day of March, 2024,

**ORDERED** that Mrs. Tabourne's application for leave to file a motion to set aside the Prenuptial Agreement [D.E. 81] is **DENIED**; and it is further

**ORDERED** that Mrs. Tabourne's application for leave to file a Rule 60(b) motion to vacate the December 15 Opinion and Order [D.E. 85] is **DENIED**; and it is further

**ORDERED** that on or before **March 29, 2024**, Defendants shall file any appropriate dispositive motions concerning Mrs. Tabourne's claims, as asserted in the complaint filed on April 23, 2022. To the extent any dispositive motions were pending at the time of Mrs. Tabourne's substitution motions, Defendants may renew them by filing a new motion. Any outstanding discovery is held in abeyance pending a decision on those motions; and it is further

**RECOMMENDED** that the District Court dismiss Dr. Tabourne's claims pursuant to Rule 25(a)(1). The parties are advised that, pursuant to 28 U.S.C. § 636(b)(1), Federal Rule of Civil Procedure 72(b)(2), and Local Civil Rule 72.1(c)(2), they may file any objections to this Court's Report and Recommendation—which is limited to the dismissal of Dr. Tabourne's claims—within fourteen days of service of a copy thereof.

/s/ *André M Espinosa*
ANDRÉ M. ESPINOSA
United States Magistrate Judge