**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DR. JOSEPH TABOURNE, et al., <br><br> Plaintiffs, <br><br> v. <br><br> JEFFREY TABOURNE, et al., <br><br> Defendants. | Civil Action No. 22-02358 <br><br> **OPINION** <br><br> December 3, 2024 |

**SEMPER**, District Judge.

The current matter comes before the Court on Veronica Jenson and Mountainside Psychiatric Hospital's "Motion for Judgment on the Pleadings" (ECF 93), Christopher Tabourne and Jeffrey Tabourne's "motion pursuant to Rule 12(c)" (ECF 94), and L.V.N. Akyea Kwarteng and Spring Cypress Assisted Living and Memory Care's motion pursuant to Rule 12(c) and 12(b). (ECF 99.) Plaintiff filed a singular opposition brief. (ECF 102, "Opp.") Defendants filed replies. (ECF 109; ECF 110; ECF 111.) The Court has decided these motions upon the submissions of the parties, without oral argument, pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1. For the reasons stated below, all Defendants' motions for judgment on the pleadings (ECF 93; ECF 94; ECF 99) are **GRANTED**.

I. **FACTUAL BACKGROUND AND PROCEDURAL HISTORY**[1]

According to the Complaint, Jeffrey Tabourne and Christopher Tabourne (the "Tabourne brothers") and certain other defendants relocated Dr. Tabourne against his will and while lucid

---

[1] The facts and procedural history are drawn from the Complaint (ECF 1, "Compl.") and documents integral to or relied upon by the Complaint. *See In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997).

from Mountainside's psychiatric hospital in New Jersey to an assisted living facility in Texas owned by Spring Cypress. (ECF 1, Compl. ¶¶ 4, 8-13, 18, 26, 30.) Dr. Tabourne wished to be moved to the West Orange Property, as his friend and attorney, Mr. Hawkins, allegedly and persistently conveyed to the Tabourne brothers and Mountainside's staff. (*Id.* ¶¶ 9, 18-19, 21, 29-30.) The Tabourne brothers prohibited and prevented Mr. Hawkins and Mrs. Tabourne from contacting and visiting Dr. Tabourne in an alleged conspiracy to maintain control over Dr. Tabourne's medical care and financial decisions. (*Id.* ¶¶ 6, 25, 31.) Moreover, while Dr. Tabourne granted a power of attorney and an advance medical directive to the Tabourne brothers, the Complaint alleges they lacked authority to move Dr. Tabourne to Texas against his wishes without his primary physician determining that Dr. Tabourne lacked the ability to make his own care decisions. (*Id.* ¶¶ 20, 23-24, 27-31.)

The Complaint brings claims based on violations of (1) Dr. Tabourne's rights to enjoy his home and property, freedom of speech and movement, equal protection, and substantive due process under federal and state laws, (2) Dr. Tabourne's false imprisonment, (3) violations of Dr. Tabourne's rights under public accommodation laws, (4) reckless and intentional infliction of severe emotional distress, (5) "malicious interference" with Plaintiffs' "beneficial economic condition[,]" and (6) the Tabourne brothers' breach of their fiduciary duties to Dr. Tabourne. (*Id.* at 15-29.)

On April 23, 2022, Elridge Hawkins filed the instant Complaint on behalf of Dr. Tabourne and Carla Tabourne. (ECF 1, Compl.) Defendants filed answers to the Complaint. (*See* ECF 8; ECF 13; ECF 22.) On October 7, 2022, Plaintiff Dr. Joseph Tabourne died. (ECF 32; *see also* ECF 67-1.) Carla Tabourne filed a Rule 25 motion to substitute for Dr. Tabourne's claims, which the

---

For the purposes of a motion to dismiss, the facts drawn from the Complaint are accepted as true. *See Fowler v. UMPC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009).

Court denied on February 23, 2023. (ECF 52; ECF 60.) On December 15, 2023, the Court entered an Order denying Carla Tabourne's renewed motion to substitute and her motion to amend the Complaint. (ECF 78.) After additional litigation, this Court adopted a Report and Recommendation which, *inter alia*, dismissed Dr. Tabourne's claims pursuant to Rule 25(a)(1). (ECF 92.) As such, the only remaining claims in this matter are Carla Tabourne's claims as set forth in the original Complaint. (*See* ECF 1, Compl.)

## II. LEGAL STANDARD

Under Rule 12(c), "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). "The pleadings are 'closed' after the complaint and answer are filed, along with any reply to additional claims asserted in the answer." *Horizon Healthcare Servs., Inc. v. Allied Nat. Inc.*, No. 03-4098, 2007 WL 1101435, at *3 (D.N.J. Apr. 10, 2007). Under Rule 12(c), "judgment will not be granted unless the movant clearly establishes that no material issue of fact remains to be resolved and that he is entitled to judgment as a matter of law." *Jablonski v. Pan Am. World Airways, Inc.*, 863 F.2d 289, 290 (3d Cir. 1988) (internal quotation marks and citation omitted).

In reviewing a motion for judgment on the pleadings, courts apply the same standard as when reviewing a motion to dismiss under Rule 12(b)(6). *Turbe v. Gov't of V.I.*, 938 F.2d 427, 428 (3d Cir. 1991) (citations omitted); *see also Muhammad v. Sarkos*, No. 12-7206, 2014 WL 4418059, at *1 (D.N.J. Sept. 8, 2014). Under Rule 12(b)(6), a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). For a complaint to survive dismissal, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In evaluating the sufficiency of a complaint, the court must

accept all well-pleaded factual allegations in the complaint as true and draw all reasonable inferences in favor of the non-moving party. *See Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008); *In re Lipitor Antitrust Litig.*, 336 F. Supp. 3d 395, 406 (D.N.J. 2018). However, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (citations and quotation marks omitted). As such, "[a] complaint should not be dismissed unless it appears beyond doubt that 'the facts alleged in the complaint, even if true, fail to support the claim.'" *Syncsort Inc. v. Sequential Software, Inc.*, 50 F. Supp. 2d 318, 324 (D.N.J. 1999). "[B]efore dismissing a complaint under Rule 12(c), 'a district court must permit a curative amendment, unless an amendment would be inequitable or futile.'" *In re Nat'l Pool Const., Inc.*, No. 12-2157, 2012 WL 3277107, at *2 (D.N.J. Aug. 9, 2012) (quoting *Phillips*, 515 F.3d at 236).

**III.   ANALYSIS**

Under Article III, federal courts have jurisdiction to hear "cases" and "controversies." *Lutter v. JNESO*, 86 F.4th 111, 123 (3d Cir. 2023). Thus, for a plaintiff to bring an action in federal court, they must have a "personal stake" in a "case" or "controversy." *Raines v. Byrd*, 521 U.S. 811, 819 (1997). This is known as Article III standing. To establish Article III standing, a plaintiff must allege they suffered "(1) a concrete, particularized, and actual or imminent injury, (2) that was likely caused by the defendant, and (3) would likely be redressable by a favorable judicial decision." *Morales v. Commonwealth Fin. Sys., Inc.*, No. 22-3388, 2023 WL 8111458, at *2 (3d Cir. 2023) (citing *TransUnion LLC v. Ramirez*, 594 U.S. 413, 423 (2021)). "If 'the plaintiff does not claim to have suffered an injury that the defendant caused and the court can remedy, there is

4

no case or controversy for the federal court to resolve.'" *TransUnion LLC*, 594 U.S. at 423 (quoting *Casillas v. Madison Avenue Assocs., Inc.*, 926 F.3d 329, 333 (7th Cir. 2019)). A plaintiff's injury must be concrete, meaning "real, and not abstract." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 340 (2016). However, a concrete injury may be either tangible, such as physical or monetary harm, or intangible, such as reputational harm. *TransUnion LLC*, 594 U.S. at 425. Here, Plaintiff Carla Tabourne does not allege physical, monetary, or intangible harm under Counts One, Four, Six, Seven, Eight, Nine, or Ten. Because Plaintiff has failed to demonstrate that she suffered any harm with respect to the aforementioned counts, the Court finds she has failed to establish Article III standing on Counts One, Four, Six, Seven, Eight, Nine, and Ten.[2] As such, the Court does not have jurisdiction on those counts and will not opine on the merits of the underlying claims. Those claims are accordingly **DISMISSED**.

With respect to the remaining counts, Plaintiff alleges what appears to be monetary harm under Count Five. (*See* ECF 1, Compl. at 20.) Plaintiff fails to allege physical or monetary harm under remaining Counts Two and Three but alleges "emotional distress" as an intangible injury. (*See id.* at 18-19.) The Court will therefore assess Defendants' arguments for failure to state a claim under Counts Two, Three, and Five.

Count Two of the Complaint brings a claim for false imprisonment. (*See* ECF 1, Compl.; *see also* ECF 102 at 14.) To prevail on a claim of false imprisonment or false arrest, a plaintiff must prove two elements: (1) that there was an unwilful arrest or detention and (2) that the arrest or detention lacked legal authority (i.e., probable cause). *Dowling v. City of Philadelphia*, 855 F.2d

---

[2] Plaintiff makes various arguments that the allegations regarding her marital partner caused her to sustain injuries that were concrete and particularized. (*See* ECF 102 at 29-31.) However, the only factual allegations as to injuries specific to her exist in Counts Two, Three, and Five. Further, Plaintiff attempts to inappropriately amend her pleading in various ways through her responsive brief. Plaintiff cannot introduce new factual allegations in her opposition. *See Pa. ex rel. Zimmerman v. Pepsico*, Inc., 836 F.2d 173, 181 (3d Cir. 1988) ("[i]t is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss.") (quotation and citation omitted).

136, 141 (3d Cir. 1988). Here, the factual allegations in the Complaint with respect to Count Two only involve Dr. Tabourne, whose claims have previously been dismissed by this Court. Because there are no factual allegations with respect to false imprisonment of Carla Tabourne herself,[3] the Complaint fails to state a claim of false imprisonment with respect to the remaining plaintiff. Count Two is accordingly **DISMISSED**.

Count Three of the Complaint alleges violations of several federal and state public accommodation laws under N.J. Stat. Ann. §§ 10:5-4; 10:1-4; and 10:1-2, and Title III of the Americans with Disabilities Act, 42 U.S.C. § 12182(a).[4] Here again, the factual allegations in the Complaint with respect to Count Three only involve Dr. Tabourne. There are no factual allegations with respect to Carla Tabourne under the "public accommodation" cause of action. Further, it is unclear whether several of these statutes would apply absent an employment relationship or at-issue written or printed communications, etc. The Complaint fails to state a claim under any of the cited state or federal public accommodation laws. Count Three is accordingly **DISMISSED**.

Count Five of the Complaint brings a claim for intentional infliction of emotional distress. To make a *prima facie* case for intentional infliction of emotional distress in New Jersey, a plaintiff must show:

> (1) the defendant acted intentionally [or recklessly]; (2) the defendant's conduct was so outrageous in character and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community; (3) that the conduct proximately caused the plaintiff

---

[3] Plaintiff also did not address various Defendants' arguments for failure to state a claim specifically with respect to factual allegations regarding Carla Tabourne. (*See* ECF 102 at 14-15.)

[4] Plaintiff occasionally cites nonexistent statutes and subsections. The Court construes the attempted avenues for relief to the best of its ability.

emotional distress; and (4) the emotional distress was so severe that no reasonable person could be expected to endure it.

*Cagno v. Ivery*, No. 19-20384, 2022 WL 17887231, at *8 (D.N.J. Dec. 23, 2022) (*citing Segal v. Lynch*, 993 A.2d 1229, 1239 (N.J. Super. Ct. App. Div. 2010)). Here, Plaintiff fails to allege any facts of extreme or outrageous conduct with respect to her specifically, or any facts as to the type or severity of the emotional distress she allegedly endured due to the alleged lack of communication with Dr. Tabourne. The Complaint fails to state a claim for IIED due to insufficient factual allegations as to Carla Tabourne. Count Five is accordingly **DISMISSED**.

Finally, because the Court has previously afforded Plaintiff an opportunity to amend her pleadings[5] and because further amendment would be inequitable and futile, the Court dismisses the Complaint **WITH PREJUDICE**.

### IV.   CONCLUSION

For the reasons stated above, Defendants' Motions for Judgment on the Pleadings (ECF 93; ECF 94; ECF 99) are **GRANTED**. An appropriate order follows.

*/s/ Jamel K. Semper*
**HON. JAMEL K. SEMPER**
**United States District Judge**

Orig:  Clerk
cc:    André M. Espinosa, U.S.M.J.
       Parties

---

[5] Plaintiff's counsel failed to abide by the Local Civil Rules and the Court's Civil Case Management Order in filing a motion to amend and sought to amend to add allegations that took place after the filing of the Complaint; the Court denied the motion to amend without prejudice and no additional attempt to amend was pursued. (*See* ECF 78.)